UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Clarence Silvester Gregory, *individual and individually named under the Survivorship Right Statute as a Surviving Son (Heir), et al., and a real party / claimant of his (Father), Decedent William Jessie Gregory, Jr.,* | Case No. 7:20-cv-04257-TLW-JDA |
| PLAINTIFF | |
| v. | **Order** |
| R.J. Reynolds Tobacco Company, Inc., Phillip Morris USA, Inc. | |
| DEFENDANTS | |

Plaintiff Clarence Silvester Gregory, proceeding pro se, filed this action against two corporations in the tobacco industry—R.J. Reynolds Tobacco Company, Inc. and Phillip Morris USA, Inc. He brings four claims against Defendants: (1) a wrongful death claim regarding his father, Decedent William Jessie Gregory Jr.;[1] (2) a fraud claim on Decedent's behalf under South Carolina's survival statute; (3) an Eighth Amendment deliberate indifference claim on his own behalf; and (4) a fraud claim on his own behalf.

Prior to authorizing service, the assigned magistrate judge issued a Report and Recommendation (First Report) recommending that the Court dismiss the first three claims—wrongful death, survival, and deliberate indifference. ECF No. 19 at 11.

---

[1] Decedent passed away in November 1982. ECF No. 14-1 at 24.

Plaintiff filed a document entitled "Plaintiff's Objection to the U.S. Magistrate Judge's Report and Recommendation." ECF No. 28. As to the wrongful death and survival claims, he "agrees with the Court's repective findings," but asks that those claims be held in abeyance pending the appointment of a personal representative to represent Decedent's estate. *Id.* at 2. As to the deliberate indifference claim, he "concedes to dismiss[ ] this claim." *Id.* at 3. The magistrate judge authorized service on the fraud claim. ECF No. 21.

After service, Defendants moved to dismiss pursuant to Rule 12(b)(6), arguing that the wrongful death, survival, and deliberate indifference claims should be dismissed for the reasons set forth in the First Report. ECF No. 64-1 at 5. They also argue that the fraud claim should be dismissed. *Id.* at 5–7. Plaintiff filed a response in opposition, reiterating that the wrongful death and survival claims should not be dismissed (or at least not dismissed with prejudice) pending the appointment of a personal representative for Decedent's estate. *See* ECF No. 84 at 2. He also argues that he adequately alleged his fraud claim or, alternatively, that he should be given leave to amend his claim. *See id.* at 3. Defendants did not file a reply.

Also pending are three other motions. First, Plaintiff moves in two separate motions to amend the amended complaint to re-plead his fraud claim and delete his deliberate indifference claim. ECF Nos. 30, 84. Second, Plaintiff's sister, Terrie Ann Covington, moves to be substituted to represent Decedent's estate and asks the Court to hold in abeyance for ninety days the wrongful death and survival claims pending her appointment as personal representative.

The magistrate judge then issued another Report and Recommendation (Second Report) recommending denying Defendants' motion to dismiss as to the fraud claim, denying Plaintiff's motions to amend, and denying Ms. Covington's motion for substitution. ECF No. 101 at 9–14. Plaintiff and Defendants filed objections, ECF Nos. 105, 107, but Ms. Covington did not.

This matter is now ripe for decision.

In reviewing the Reports, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Reports and the objections.

After careful review of the First Report and the objections, for the reasons stated by the magistrate judge, the First Report, ECF No. 19, is **ACCEPTED**. Plaintiff's objections, ECF No. 28, are **OVERRULED** because nothing in the record indicates that a personal representative has been appointed.

After careful review of the Second Report and the objections, for the reasons stated by the magistrate judge, the Second Report, ECF No. 101, is **ACCEPTED AS**

**MODIFIED**; Defendants' motion to dismiss, ECF No. 64, is **GRANTED IN PART AND DENIED IN PART**;[2] Plaintiff's motions to amend, ECF Nos. 30, 84, are **DENIED**; and Ms. Covington's motion for substitution, ECF No. 73, is **DENIED**.

Defendants' objections, ECF No. 105, are **OVERRULED** because (1) Plaintiff adequately alleges that he relied on Defendant's statements about the dangers of second-hand smoke, *see* ECF No. 14-1 at ¶¶ 19, 20 (quoting an alleged statement by Phillip Morris's former CEO that second-hand smoke is not dangerous to non-smokers and stating that he relied on those statements in being around smokers); and (2) if Plaintiff concluded, based on Defendants' prior statements, that direct smoking was not dangerous, then it would be logical for him to conclude that second-hand smoke was also not dangerous.

Plaintiff's objections, ECF No. 107, are **OVERRULED** because amendment would not address the deficiencies identified in the First Report about the wrongful death and survival claims, and he adequately alleges his fraud claim. To the extent he seeks to add additional claims, he has not set forth a sufficient basis to support these new claims.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

November 23, 2021
Columbia, South Carolina

---

[2] Specifically, the motion is granted as to the wrongful death, survival, and deliberate indifference claims, and denied as to the fraud claim.

4