UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Clarence Silvester Gregory, *individual and individually named under the Survivorship Right Statute as a Surviving Son (Heir), et al., and a real party / claimant of his (Father), Decedent William Jessie Gregory, Jr.*,<br><br>PLAINTIFF<br><br>v.<br><br>R.J. Reynolds Tobacco Company, Inc., Phillip Morris USA, Inc.<br><br>DEFENDANTS | Case No. 7:20-cv-04257-TLW-JDA<br><br>**Order** |

    Plaintiff Clarence Silvester Gregory, proceeding pro se, filed this action against two corporations in the tobacco industry—R.J. Reynolds Tobacco Company, Inc. and Phillip Morris USA, Inc. Currently before the Court are two motions filed by Plaintiff: (1) a motion for summary judgment / sanctions; and (2) a motion for civil or criminal contempt against R.J. Reynolds' counsel. ECF Nos. 130, 171. Both motions relate to authorization forms that counsel sent to Plaintiff seeking information about his father. The authorization forms erroneously described Plaintiff as the personal representative of his father's estate.

    The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. The magistrate judge concluded that Plaintiff is not entitled to summary judgment and that R.J. Reynolds' counsel has not engaged in sanctionable conduct,

1

and therefore recommended denying both motions. ECF No. 177. Plaintiff then filed objections to the report. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 177, is **ACCEPTED**. Plaintiff's objections, ECF No. 187, are **OVERRULED**. His motion for summary judgment / sanctions, ECF No. 130, and motion for contempt, ECF No. 171, are **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 6, 2022
Columbia, South Carolina