UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Clarence Silvester Gregory, *Individual and Individually Named Under The Survivorship Right Statute as a [] Surviving Son (heir), et., And a Real Party/Claimant of His (Father_ Decedent, William Jessie Gregory, Jr.* <br><br> PLAINTIFF <br><br> v. <br><br> R.J. Reynolds Tobacco Company, Inc., *also known as* Reynolds American, Inc., *also known as* The American Tobacco Corporation, *formerly known as* Brown & Williamson USA, Inc.; Phillip Morris USA, Inc., *formerly known as* Altria Group, Inc. <br><br> DEFENDANTS. | Case No. 7:20-cv-04257-TLW <br><br><br> **Order** |

Plaintiff Clarence Silvester Gregory, ("Plaintiff"), proceeding *pro se*, filed this action against two corporations in the tobacco industry—R.J. Reynolds Tobacco Company, Inc. and Phillip Morris USA, Inc. Plaintiff asserted four claims against Defendants in his Amended Complaint: (1) a wrongful death claim regarding his father, Decedent William Jessie Gregory Jr,; (2) a fraud claim on Decedent's behalf under South Carolina's survival statute; (3) an Eighth Amendment deliberate indifference claim on his own behalf; and (4) a fraud claim on his own behalf. ECF Nos. 14-1, 14-2. On November 23, 2021, this Court dismissed three of Plaintiff's claims. ECF No. 131. Accordingly, only Plaintiff's fraud claim remains pending. ECF

1

No. 14-1. Specifically, Plaintiff alleges that Defendant's fraudulent representations caused his father's death and that because of his inhalation of second-hand smoke, he now suffers from a litany of serious health conditions. ECF Nos. 14, 14-1, 14-2. Plaintiff has moved for judgment on the pleadings under Rule 12(c). The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 208. In the R&R, the magistrate judge recommends that Plaintiff's motion for judgment on the pleading be denied. "The Court finds that Plaintiff has failed to provide any argument that he has clearly established that no issue of fact remains and that he is entitled to judgment as a matter of law on his fraud claim. ECF No. 189.

Plaintiff filed objections, ECF No. 231, to the R&R, but his objections do not address the substance of the Report nor establish that no issue of fact remains entitling him to a judgment as a matter of law on his remaining fraud claim. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However,

2

> the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed, *de novo*, the Report, the objections, the reply to the objections, and the judgment on the pleadings standard outlined in Rule 12(c) of the Federal Rules of Civil Procedure (FCRP). In reviewing a motion for judgment on the pleadings, a court should "construe the facts and reasonable inferences . . . in the light most favorable to the [nonmoving party]." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). As stated by the magistrate judge in the Report, "Plaintiff has failed to provide any argument that he has clearly established that no issue of fact remains and that he is entitled to judgment as a matter of law on his fraud claim." ECF Nos. 208.

After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report is **ACCEPTED**. Plaintiff's objections are **OVERRULED**. Therefore, based upon the foregoing, Plaintiff's motion for judgment on the pleadings, ECF No. 189, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 3, 2022
Columbia, South Carolina