IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Clarence Silvester Gregory, *Individual and Individually Named Under the Survivorship Right Statute as a Surviving Son (heir), et., And a Real Party/Claimant of his (Father) Decedent, William Jessie Gregory, Jr.*; Estate of William Jessie Gregory, Jr., <br><br> PLAINTIFF, <br><br> v. <br><br> R.J. Reynolds Tobacco Company, Inc., *also known as* Reynolds American, Inc., *also known as* The American Tobacco Corporation, *formerly known as* Brown & Williamson USA, Inc.; Phillip Morris USA, Inc., *formerly known as* Altria Group, Inc., <br><br> DEFENDANTS. | Case No. 7:20-cv-04257-TLW <br><br><br> **ORDER** |

Plaintiff Clarence Silvester Gregory, a state inmate who is proceeding *pro se*, filed this action against the above-named tobacco companies ("Defendants"), alleging they made false statements about the safety of their products and that these false statements proximately caused him to inhale second-hand smoke. ECF Nos. 1, 14 & 19. This action was referred to United States Magistrate Jacquelyn D. Austin pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). the only claims remaining for adjudication are Plaintiff's state law fraud claims.

Defendants have now filed a motion for summary judgment as to Plaintiff's remaining claim. ECF No. 288. Plaintiff has filed several responses and replies in opposition, along with a motion to amend the parties' scheduling order, a "Motion to the Presiding Court to Take Judicial Notice," a motion in limine, a second "Motion for

Judicial Notice," and several motions to strike Defendants' responses and replies to his various filings. ECF Nos. 288, 293, 308, 309, 310, 316, 317, & 324. This matter now comes before the Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge adjudicating Defendants' motion for summary judgment. ECF No. 329. In her Report, the Magistrate Judge recommends that the Court grant the Defendants' motion for summary judgment because Plaintiff has not forecasted any evidence of causation in connection to his asserted medical injuries. *Id.* Plaintiff objects to the Report. ECF No. ECF No. 338. Defendants have replied to the objections, and Plaintiff has since filed a sur-reply. ECF Nos. 338, 339 & 340. Accordingly, this matter is ripe for review, adjudication, and disposition.

## RELEVANT BACKGROUND

Plaintiff is a South Carolina state inmate incarcerated at the Broad River Correctional Facility in Columbia, South Carolina. On December 7, 2020, Plaintiff filed a 2,053-page complaint against Defendants. ECF No. 1. In response, the Magistrate Judge issued a proper form order directing Plaintiff to file an amended complaint, since his initial complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure. ECF Nos. 10 & 11. On January 11, 2021, Plaintiff filed an 87-page amended complaint. ECF No. 14. His amended complaint originally advanced four theories of liability: (1) a claim that Defendants were liable for Plaintiff's father's wrongful death as a result of his tobacco use,[1] (2) a fraud claim on behalf of Plaintiff's deceased father, (3) a claim for deliberate indifference against only Defendant R.J. Reynolds, and (4) a fraud claim against each Defendant on Plaintiff's own behalf. *Id.*

In May 2021, Defendants moved to dismiss Plaintiff's complaint. ECF No. 64.

---
[1] Plaintiff's father passed away in November 1982. ECF No. 14–1 at 24.

Plaintiff opposed the motion to dismiss and in September 2021, the Magistrate Judge issued a report and recommendation recommending that all but Plaintiff's individual fraud claims be dismissed. ECF Nos. 84 & 101. This Court adopted the report and recommendation in November 2021, dismissing all but Plaintiff's individual fraud claims. ECF No. 131.

The remaining fraud claims are based on Plaintiff's general allegation that Defendants made false statements about the safety of their products, which proximately caused Plaintiff, an alleged non-smoker, to inhale environmental tobacco smoke ("ETS"), colloquially known as second-hand smoke. ECF No. 14. As a result of this inhalation, Plaintiff asserts that he now suffers from chronic sinusitis, chronic coughing, infection of his esophagus, infection of his larynx voice box, shortness of breath, wheezing and gasping, increased phlegm, worsened cold symptoms, scratchy throat, throat irritation, nightmares, and lack of rest and sleep. *Id.* For relief, Plaintiff seeks a declaratory judgment, an award of $100,000,000.00 in compensatory damages, and an unspecified award of punitive damages. *Id.*

## THE REPORT

On November 1, 2022, Defendants moved for summary judgment as to Plaintiff's remaining fraud claims. ECF No. 295. Defendants argue they are entitled to summary judgment because (1) Plaintiff's fraud claim is barred by the applicable South Carolina statute of limitations, (2) Plaintiff cannot prove all nine elements of fraud under South Carolina, specifically, that he reasonably relied on any statement from Defendants, and (3) Plaintiff has failed to forecast the expert testimony related to medical causation needed to prove his claims. *Id.* Defendants further assert that Plaintiff has not provided

any evidence to support his claim for punitive damages because he has failed to demonstrate any actionable harm. *Id.* Plaintiff opposes Defendants' motion for summary judgment and filed several of the above listed motions. ECF Nos. 288, 293, 308, 309, 310, 316, 317, & 324.

On July 20, 2023, the Magistrate Judge issued the present Report, recommending that this Court grant Defendants' motion for summary judgment. ECF No. 329. The Report concludes that Defendants are entitled to summary judgment based on Plaintiff's failure to forecast expert testimony as to the issue of proximate causation.[2] *Id.* at 7. As noted in the Report, the ninth element for establishing fraud under South Carolina law requires that the Plaintiff prove "by clear, cogent, and convincing evidence . . . the hearer's consequent and proximate injury." *Id.* (quoting *Schnellmann v. Roettger*, 645 S.E.2d 239, 241 (S.C. 2007)). More specifically, the Magistrate Judge concludes that, in the absence of expert testimony, Plaintiff cannot establish that his asserted injuries were proximately caused by his exposure to ETS/second-hand smoke. *Id.*

In support of this conclusion, the Report notes that, under South Carolina law, "[p]roof of a medical causal connection must be something more than consistent with the plaintiff's theory of how the claimed damages were caused." *Id.* at 8 (quoting *Ellis v. United States*, 484 F. Supp. 4, 11 (D.S.C. 1978)). It cannot, as here, "rest on conjecture, and the mere possibility of such causation is not enough to sustain the Plaintiff's burden of proof." *Id.* (quoting *Ellis*, 484 F. Supp at 11). "Accordingly, when 'a medical causal relation issue is not one within the common knowledge of the layman, proximate

---

[2] Because the Magistrate Judge found that summary judgment was appropriate on this ground, the Report does not address Defendants' other two arguments for summary judgment.

cause cannot be determined without expert medical testimony.'" *Id.* (quoting *Goewey v. United States*, 886 F. Supp. 1268, 1279 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997)).

In applying this standard, the Report concludes that Plaintiff has not met his burden of forecasting expert testimony and that the deadline for providing expert reports expired nearly a year ago. *Id.* Moreover, the Report notes that Plaintiff asserts he does not need expert testimony to survive summary judgment. *Id.* at 9. Instead, he argues that he can rely on other evidence and caselaw generally indicating that second-hand smoke is dangerous to one's health. *Id.* The Magistrate Judge concludes that this argument does not excuse Plaintiff's failure to not meet South Carolina's expert testimony requirement. Specifically, she finds that "Plaintiff cannot avoid summary judgment merely by creating a fact issue as to whether secondhand smoke is dangerous and *can* damage *a person's* health; rather, he must forecast evidence creating a fact issue concerning whether exposure to second-hand smoke *most probably was* a proximate cause of *his* complained injuries." *Id.* at 9 (emphasis in original). Thus, "[i]n the absence of expert testimony concerning his individual circumstances, any inference that any of his alleged health problems are attributable to second-hand smoke could be based only on speculation." *Id.* Therefore, the Report concludes that Plaintiff's individual fraud claim is subject to dismissal because Plaintiff has failed to present expert testimony establishing a causal connection between his exposure to ETS/second-hand smoke and his alleged injuries. *Id.* at 10.

## PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Report's conclusion that Defendants are entitled to summary judgment because he has not forecasted expert testimony as to proximate causation. ECF No. 338. Plaintiff asserts that Defendants' own medical experts "indirectly implied" and "forecasted evidence" as to "Plaintiff's medical causation supporting Plaintiff [sic] proximate cause [.]" *Id.* at 4–5. Further, Plaintiff asserts that the Report ignored "substantial factor causation," *i.e.*, evidence establishing that Defendants' tobacco products were a "substantial factor" in bringing about Plaintiff's alleged injuries. *Id.*

In response, Defendants filed a reply, which asserts that Plaintiff mischaracterizes Defendants' medical expert report concerning Plaintiff's exposure to ETS/second-hand smoke. ECF No. 339. Defendants assert that, contrary to Plaintiff's argument, their medical expert report does not establish "that Plaintiff had the 'frequency, regularity, and proximity' to ETS to establish medical causation." *Id.* at 1–2.

Responding to Defendants' reply, Plaintiff filed a sur-reply accusing the Defendants of committing fraud upon the Court. ECF No. 340. In support of this argument, Plaintiff seizes on a portion of Defendants' expert medical report, which notes that Plaintiff's doctors instructed him to avoid cigarette smoke. *Id.* at 5. This notation, Plaintiff posits, provides "demonstrated evidence of a substantial factor causation proffer test, which allows a jury to reasonably conclude that, it is more likely than not, that Defendants' offending tobacco products is [sic] a substantial factor, in bringing about the harmful affects of symptoms resulted to Plaintiff's injuries." *Id.*

Thus, Plaintiff asserts his alleged continued exposure to RTS/second-hand smoke vis-à-vis the smuggled items establishes proximate causation.

Finally, Plaintiff argues that causation can be established without expert evidence because, although the South Carolina Department of Corrections banned smoking in its facilities in 2008, several correctional officers were recently charged with attempting to smuggle in contraband items, including tobacco products. *Id.*

## STANDARD OF REVIEW

The Court is charged with a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

The Court has carefully reviewed the parties' filings and the Report. In doing so, it concludes, for the reasons outlined below, that the Magistrate Judge correctly found

that Defendant's motion for summary judgment should be granted. Specifically, Defendants are entitled to summary judgment because, in the absence of expert testimony supporting proximate causation, Plaintiff has not met his burden of providing sufficient evidence from which a reasonable inference could be drawn that his alleged injuries were proximately caused by exposure to ETS/second-hand smoke.

Causation is an essential element to Plaintiff's fraud claim. In order to oppose Defendant's motion for summary judgment, he must show that his asserted medical conditions were proximately caused by Defendant's alleged fraud. As a first step to this showing, he must show that his medical conditions were proximately caused by ETS/second-hand smoke. To make this showing, Plaintiff needs expert medical testimony because, as noted in the Report, "[u]nder South Carolina law, in a tort case 'where a medical causation issue is not one within the common knowledge of the layman,' the plaintiff must present "medical expert testimony" in order to establish causation." *Jones v. Am. Cynamid Co.*, 139 F.3d 890 (4th Cir. 1998) (quoting *Goewey*, 886 F. Supp. at 1279.

Plaintiff alleges that, as a result of his exposure to ETS/second-hand smoke, he now suffers from chronic sinusitis, chronic coughing, infection of his esophagus, infection of his larynx voice box, shortness of breath, wheezing and gasping, increased phlegm, worsened cold symptoms, scratchy throat, throat irritation, nightmares, and lack of rest and sleep. *Id.* Clearly, whether a plaintiff contracted these twelve medical conditions from exposure to ETS/second-hand smoke is a causation question beyond the common knowledge of a laymen. *See id.* (finding that the causation question of whether a plaintiff contracted type III polio from a defendant corporation's vaccine needed to be

established by expert medical testimony); *McClure v. Wyeth*, No. CA 3:04-23274-HMH, 2012 WL 952856, at *1 (D.S.C. Mar. 20, 2012) (finding that the causation question of whether a plaintiff developed breast cancer as a result of the defendant manufacture's hormone replacement therapy medications needed to be established by expert medical testimony); *Goewey*, 886 F. Supp. at 1279 (noting that reliable medical evidence was needed to establish a causal connection between the plaintiff's contact with roof coating and subsequent development of progressive neurological impairments); *Ryan v. Eli Lilly & Co.*, 514 F. Supp. 1004, 1006 (D.S.C. 1981) (holding that expert testimony was needed to establish causation between a defendant's manufacture of synthetic estrogen and the Plaintiff's development of a precancerous condition). Here, Plaintiff has not presented any medical evidence or expert medical testimony causally connecting his asserted medical conditions with his alleged exposure to ETS/second-hand smoke. Absent this testimony, Plaintiff cannot establish that his alleged medical conditions were caused by exposure to ETS/second-hand smoke. *See generally Stewart v. AT & T Mobility LLC*, No. CIV.A. 3:10-3083-CMC, 2011 WL 3626654, at *5 (D.S.C. July 21, 2011), *report and recommendation adopted as modified*, No. CA 3:10-3083-CMC-JRM, 2011 WL 3626641 (D.S.C. Aug. 17, 2011) ("Without such admissible expert testimony to support a plaintiff's theory of causation, the defendant is entitled to summary judgment."). He therefore cannot meet the burden required to opposes Defendants' motion for summary judgment.

However, to meet this burden, Plaintiff argues in his objections that he can rely on Defendants' expert report, which he posits "indirectly implied" and "forecasted evidence" in support of his position that his medical conditions were caused by exposure

to ETS/second-hand smoke. The Court is unpersuaded by this argument. First, Plaintiff simply has not met his burden here of establishing causation through the alleged indirect implications of an opposing party's expert report. Rather, in he must present "admissible expert testimony to support [his] theory of causation [.]" *Stewart*, 2011 WL 3626654, at *5; *see also Jones v. Danek Med., Inc.*, No. CIV.A. 4:96-3323-12, 1999 WL 1133272, at *4 (D.S.C. Oct. 12, 1999) ("First, it must be noted that, in order to adequately state a claim for causation in the present case, the plaintiff must introduce expert testimony."). He has not done so here.

Second, contrary to Plaintiff's assertion, Defendants' expert report does not "indirectly impl[y]" or "forecast[] evidence" supporting his position. It does the opposite. In support of their motion for summary judgment, Defendants provided the expert report of Dr. Roderick Santa Maria, M.D., P.A. who has provided an expert opinion as to proximate causation. ECF No. 295–3. In evaluating the causal connection between Plaintiff's asserted medical conditions and ETS/second-hand smoke, Dr. Santa Maria's expert report finds that, "[t]here is no evidence that any of Mr. Gregory's alleged symptoms . . . were caused by exposure to ETS." *Id.* at 5–6. Dr. Santa Maria explains that "many of the conditions Mr. Gregory describes, including his respiratory and/or sinus symptoms, are caused by things other than ETS, including viruses and other infections." *Id.* at 6. Further, Dr. Santa Maria notes that "[n]one of Mr. Gregory's medical providers have attributed any of his symptoms to ETS exposure, based on his medical records." *Id.* In conclusion, his expert report states, "there is no evidence that ETS caused any of Mr. Gregory's alleged respiratory or sinus issues." *Id.* Thus, contrary to Plaintiff's assertion, Defendants' expert medical report does not forecast evidence in

his favor but, rather, conclusively rebuts his theory of causation. It provides no basis for Plaintiff to oppose Defendants' summary judgment or for the Court to reject the Magistrate Judge's recommendation.

Finally, attached to Plaintiff's sur-reply as exhibits are several newspaper articles discussing the recent arrest of several SCDC correctional officers for allegedly smuggling illegal contraband into SCDC facilities. Because these officers were purportedly smuggling in tobacco products, Plaintiff asserts that this is evidence establishing proximate causation because he "is continuously being exposed to unreasonable [sic] high levels of ETS [Environmental Tobacco Smoke] on a daily basis [.]" ECF No. 340–2 at 11. Based on this, he argues that he can meet his burden of showing causation and "substantial factor causation." *Id.*

The Court is not persuaded by this argument. As noted, South Carolina law uniformly holds that "[e]xpert testimony is *required* where the claimant is 'attempting to establish causation of a medically complex condition.'" *Jones v. Danek Med., Inc.*, No. CIV.A. 4:96-3323-12, 1999 WL 1133272, at *4 (D.S.C. Oct. 12, 1999) (quoting *Smith v. Michelin Tire Co.,* 320 S.C. 296, 465 S.E.2d 96, 97 (S.C. Ct. App. 1995). "Mere lay testimony will not suffice." *Id.* Contrary to Plaintiff's assertion, "substantial factor causation" requires expert medical evidence and cannot be performed in its absence. *See Ellis*, 484 F. Supp. at 11 ("To prove causation or proximate cause, plaintiff must introduce expert medical evidence which affords a reasonable basis for the Court to conclude that it is more likely than not that the Government's conduct was a substantial factor in bringing about plaintiff's damages."). Here, Plaintiff's case cannot be proven without expert testimony as to causation. *Stewart*, 2011 WL 3626654, at *5

("Plaintiff appears to argue that a jury can decide this action without expert witness testimony on his behalf and appears to argue that he can prove his case by merely discrediting the testimony of Defendants' expert(s). He has not, however, disputed that South Carolina law provides that proximate cause must be established through competent expert testimony.").

Plaintiff has not provided expert medical testimony or evidence. Instead, he asks the Court to rely on conjecture. As noted, "[p]roof of causation cannot rest on conjecture, and the mere possibility of such causation is not enough to sustain the [P]laintiff's burden of proof." *Ellis*, 484 F. Supp. at 11. He thus cannot prove or forecast causation. As properly found by the Magistrate Judge, the absence of expert testimony supporting Plaintiff's theory of proximate leads to the conclusion that Defendants are entitled to summary judgment. Accordingly, for the reasons stated, the Court overrules Plaintiff's objections to the Report.

## CONCLUSION

The Court has reviewed the Report and Plaintiff's objections, Defendant's reply, and Plaintiff's sur-reply in detail. After careful consideration, the Court concludes that Plaintiff's objections offer no showing, either factually or legally, that the Defendants' motion for summary judgment should not be granted for the reasons set forth by the Magistrate Judge. Therefore, the Report, ECF No. 329, is **ACCEPTED**. Plaintiff's objections, ECF No. 338, are **OVERRULED**. For the reasons stated in the Report, the Defendants' motion for summary judgment, ECF No. 295, is **GRANTED**. Additionally, for the reasons stated by the magistrate judge, Plaintiff's remaining outstanding motion in limine, motions for the Court to take judicial notice, and motion to

amend/correct the current scheduling order are **DENIED** as **MOOT**. ECF Nos. 290, 293, 295, 288, 309 & 316.

**IT IS SO ORDERED.**

                                                      *s/ Terry L. Wooten*
                                                      Terry L. Wooten
                                                      Senior United States District Judge

September 21, 2023
Columbia, South Carolina